UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00082 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOSEPH SETH RIVERS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Joseph Seth Rivers ("Rivers"). See Record Document 56. The United States of America ("the Government") opposes the motion. See Record Document 59. Rivers also filed a reply to the Government's response. See Record Document 60. For the reasons set forth below, Rivers' motion is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 10, 2018, Rivers pleaded guilty to an Indictment (Record Document 1) for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). See Record Document 28. On February 19, 2019, this Court sentenced Rivers to sixty-eight months imprisonment, followed by a supervised release period of three years. See Record Document 37. This sentence was an upward departure from the guideline range, which was forty-six to fifty-seven months. See id. On January 9, 2020, the United States Court of Appeals for the Fifth Circuit affirmed Rivers' conviction and sentence. See Record Document 54. Rivers did not file a petition for writ of certiorari with the United States Supreme Court. See Record Document 56 at 2.

On August 17, 2020, Rivers filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. See id. In his motion, Rivers argues that he was denied

effective assistance of counsel when his attorney failed to object to the upward departure from the guideline range imposed at sentencing. See id. at 4. Rivers further argues that his counsel did not object to an apparent conflict of interest. See id. Rivers asserts that both he and the judge are possibly related to the same individual (Maggie Rivers), yet Rivers' counsel failed to raise the issue at sentencing. See Record Document 56-1 at 6. Because of these alleged defects, Rivers asserts that "his plea agreement with the Government is involuntary due to ineffective assistance of counsel." Id. at 10.

In its opposition to Rivers' Section 2255 motion, the Government asserts: (1) Rivers' plea was voluntary; (2) there was no conflict of interest requiring recusal, and Rivers failed to establish that he would have proceeded to trial; and (3) the failure to object to the upward departure was not unreasonable. See Record Document 59 at 6–10. Thus, the Government argues that Rivers' motion must be denied.

In reply, Rivers asserts that his motion is not intended to challenge his plea agreement, but rather focuses on "[t]he unprofessionalism of petitioner's attorney." Record Document 60 at 2. Rivers requests a correction of his sentence, to be reduced by the eleven months that were imposed above the guideline range. See id. at 5.

## LAW AND ANALYSIS

### I. Legal Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal

2

and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." Scruggs, 691 F.3d at 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); United States v. Fields, 761 Fed. Appx. 443, 466 (5th Cir. 2014).

Allegations concerning the performance of one's attorney can be considered under Section 2255 without the defendant overcoming the procedural bar. See Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003) (holding that claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255); United States v. Ramos, 801 F. App'x 216, 226 (5th Cir. 2020) (citing Massaro for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel").

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must show his counsel's performance was deficient, and the deficiency resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). The proper standard for attorney performance is that of "reasonably effective assistance," and reasonableness is measured according to "prevailing professional norms." Id. at 687–88. Among other responsibilities, this standard demands that counsel "research relevant facts and law, or make an informed decision that certain

3

avenues will not be fruitful." U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (citing U.S. v. Conley, 349 F.3d 837, 839 (5th Cir. 2003)). In order to prove prejudice, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id. at 695. When asserting errors concerning sentencing, the petitioner must show that he would have received less time in prison had it not been for his counsel's errors. See U.S. v. Franks, 230 F.3d 811, 815 (5th Cir. 2000). To succeed on a Section 2255 motion for ineffective assistance of counsel, a defendant must establish both prongs of the Strickland test. See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." Strickland, 466 U.S. at 689. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." Id.

## II. Analysis

Rivers asserts two main grounds for his ineffective assistance of counsel claim: (1) the failure to object to the upward departure from the sentencing guidelines; and (2) the failure to request a recusal for the alleged conflict of interest. See Record Document 56

at 4. The Court finds that Rivers failed to establish both prongs of the Strickland test as to both grounds.

### a. Failure to object to departure from guidelines

Rivers first argues that his counsel should have objected to the upward departure from the sentencing guidelines, yet counsel failed to do so. See id. The sentencing guideline range, as explained in the pre-sentence investigation report, was forty-six to fifty-seven months, with a statutory maximum term of imprisonment of not more than ten years. See Record Document 40 at 14 (SEALED). However, Rivers was ultimately sentenced to a term of sixty-eight months, which was above the guideline range but within the statutory limit. See Record Document 37. As explained at sentencing, the upward departure from the guideline range was based on Rivers' criminal history, previous patterns of behavior, and personal characteristics. See Record Document 50 at 17. In the instant motion, Rivers argues that his counsel should have objected to the departure from the guideline range at the sentencing hearing. See Record Document 56-1 at 5.

Rivers failed to explain how his counsel's failure to object was unreasonable. First, as the Government points out, an objection to the upward departure would primarily serve to direct the Court's attention to an error that could be corrected. See Record Document 59 at 9. Here, defense counsel filed written objections to the pre-sentence investigation report and argued these objections at the hearing itself. See Record Document 41 (SEALED). Additionally, the Court expressed its reasoning for the upward departure in detail, with reference to Rivers' background and behavior. See Record Document 37. Another objection likely would not have convinced the Court to ignore Rivers' background and behavior, especially considering the fact that the Court listened to other objections

5

raised by defense counsel and Rivers' own allocution before imposing the sentence. See Record Document 37. Unlike in other cases, where the upward departure is based on error by the Court in interpreting or calculating the guidelines, the Court here purposefully went above the suggested sentence and explained the exact reasons for doing so. See, for e.g., United States v. Blount, No. 2:15-CR-00143, 2017 WL 1194230, at *2 (W.D. La. Mar. 28, 2017) (finding counsel's performance deficient where counsel did not object or file an appeal regarding a misapplied guideline). Thus, the Court finds that Rivers has failed to establish the first prong of the Strickland test because his counsel's actions were not objectively unreasonable.

Even assuming the failure to object was unreasonable, Rivers failed to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Rivers' counsel's failure to object likely would have affected the standard of review on appeal, but the appeal did not question the upward departure at all. Rather, Rivers argued on appeal that "the district court failed to admonish him regarding the nature of the charge" as required by the rules. Record Document 54 at 3. Thus, by failing to show how the lack of objection impacted his appeal, Rivers also failed to establish the second prong of the Strickland test. Rivers has not shown his counsel was ineffective for failing to object to the upward departure, and his motion is therefore denied on this ground.

### b. Failure to raise apparent conflict of interest

Rivers next argues that his counsel should have pursued the apparent conflict of interest and requested the judge's recusal. See Record Document 56 at 4. According to Rivers, the judge asked Rivers if he was "in any way related to a Mrs. Maggie Rivers,"

6

and if he was, the judge may have to "recuse himself from the case." See Record Document 56-1 at 6. Rivers asserts that he spoke with his father after-the-fact, and he "confirmed that Hishonor [sic] and petitioner are related to the same Maggie Rivers." Id. Rivers further asserts that he told his counsel about the issue, but his counsel determined it was "not that big of an issue." Id. at 7.

The Court finds that Rivers failed to establish either prong of the Strickland test based on his counsel's alleged failure to address a potential conflict of interest. First, Rivers failed to establish the unreasonableness of counsel's actions. As the Government points out, the Court asked Rivers on the record at the guilty plea hearing whether Rivers "knew Ann Hicks Partington whose mother was Maggie Rivers," and based on Rivers' response, the Court did not proceed with recusal. See Record Document 59 at 7. At no point in time, including in the instant motion, did Rivers make clear the familial relationship between himself and Maggie Rivers; it is also unclear whether Rivers ever informed his attorney of the degree of relationship between himself and Ms. Rivers. See Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000) ("This Court has made clear that conclusory allegations on ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); United States v. Woods, 870 F.2d 285, 288 (5th Cir. 1989) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."). Rivers' conclusory allegations that his counsel did not "address his concerns" is insufficient to establish the first prong of the Strickland test.

However, even if the failure to further address the possible conflict of interest was objectively unreasonable, Rivers has failed to show how he was prejudiced by this failure. Rivers does not argue that his plea was rendered involuntary by the apparent conflict of

7

interest. See Record Document 60 at 2. Rivers also did not address this argument on his appeal to the Fifth Circuit. See Record Document 54. Further, the Court agrees with the Government that this factual situation did not require a recusal under the rules. Pursuant to 28 U.S.C. § 455(b)(5)(i), a judge shall disqualify himself if "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person"…[i]s a party to the proceeding." Here, it is not clear that such a relationship is present: as noted above, Rivers has not described his degree of relationship with Ms. Rivers, and the judge indicated that Ms. Rivers may be the mother of a cousin. The relationship between the judge and the defendant, therefore, does not appear to fall within the third degree. Because there was no basis for disqualification here, Rivers failed to establish the second prong of the Strickland test. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994). Rivers has not shown his counsel was ineffective for failing to re-raise the potential conflict of interest at sentencing, and his motion is therefore denied on this ground.

## CONCLUSION

For the stated reasons, Rivers' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 56) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District

Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2).

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 25th day of July, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT